## HAMLIN v. PHILIPS.

### No. 15,040; June 6, 1893.

#### 33 Pac. 331.

**Trust—Review on Appeal.**—Where, in an Action to Establish a trust, the findings controvert plaintiff's claims at all points, and there is evidence to support the findings, a decree for defendant will not be set aside except on the most satisfactory and convincing grounds.

APPEAL from Superior Court, Sonoma County; R. F. Crawford, Judge.

Action by Catherine Hamlin against Nancy M. Philips, and Nancy M. Philips as administratrix of the estate of P. J. Philips, deceased, to establish a trust in certain real estate. From a judgment for defendant and from an order denying her motion for a new trial, plaintiff appeals. Affirmed.

R. P. Clement, A. G. Burnett and T. J. Geary for appellant; J. W. Rose and Barham & Bolton for respondent.

GAROUTTE, J.—This action was brought to obtain a judgment and decree that the land described in the complaint, the title to which stood in the name of P. J. Philips at the time of his death, and also certain personal property, was the property of the plaintiff, and that P. J. Philips, deceased, was her trustee, and that his estate had no right or interest in said property, or any part thereof. Judgment went for defendant, and this appeal is taken from the judgment and order denying a motion for a new trial. The findings are full and complete. They controvert the claims of the plaintiff at all points, and warrant the judgment rendered. It is now insisted that the evidence does not support the findings. We have examined with great care the record containing a detailed statement of the evidence given at the trial, and find ample there to justify the findings of the court. The plaintiff is a sister of Philips, deceased. She was about seventy-seven years of age at the date of the trial, and was the principal witness in the case. She was a woman of means, and advanced money to her brother for various purposes. The property involved in this litigation was purchased with this money, and the title taken in the name of Philips. The administratrix of the estate now insists that the money was a loan, and plaintiff claims that it was invested for her benefit, and that the title to the property purchased was held by Philips in trust for her. Plaintiff's testimony is self-contradictory in many respects, apparently attributable to weakness of memory, but sufficient is found therein to support defendant's theory of the case, that the money was advanced to plaintiff's brother as a loan.

It is not necessary to enter into a review of the evidence in detail for the purpose of indicating in this opinion wherein it supports the findings.   Upon a careful examination of the record, the fair import of all the evidence, taken together, is in line with the findings and judgment of the court.   The arguments of the learned counsel for appellant as to the improbability of these advances being made by her as loans, and as to the inferences of fact that may be drawn from the rather peculiar circumstances of the case, might well have been addressed to the trial court before final judgment rendered, and also upon the hearing of the motion for a new trial. Such arguments necessarily possess much greater force and weight when addressed to the court of original jurisdiction than when directed to the appellate tribunal.   The case is essentially one wherein it devolved upon the trial court to carefully sift and weigh the evidence, and where this court would not be justified in setting aside a decree made in the exercise of that power and that duty, unless upon the most satisfactory and convincing grounds.   For these reasons, it is ordered that the judgment and order be affirmed.

We concur: Harrison, J.; Paterson, J.